

FILED
APR 30 2010
J.T. NOBLIN, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FRANKLIN PARKER, Individually and on behalf of
all others similarly situated;
FAIR MAIDEN SEAFOOD, LLC, Individually and on
behalf of all others similarly situated;
THOMAS BECKER, Individually and on behalf of
all others similarly situated;
DESPORTE & SONS INC., Individually and on behalf of
all others similarly situated;AND
CLARK SEAFOOD COMPANY, INC., Individually and
on behalf of all others similarly situated                                      PLAINTIFFS

VERSUS                                                            CAUSE NO.: 1.10CV174H50-JMR

TRANSOCEAN LTD;
BP, PLC;
BP PRODUCTSNORTH AMERICA, INC.;
BP AMERICA, INC.;
TRANSCOCEAN OFFSHORE DEEPWATER DRILLING, INC.;
TRANSOCEAN DEEPWATER, INC.;
HALLIBURTON ENERGY SERVICES, INC.;
CAMERON INTERNATIONAL CORPORATION f/k/a
COOPER CAMERON CORPORATION;
JOHN AND JANE DOES A - G; AND
CORPORATIONS W; X; Y AND Z                                                      DEFENDANTS

## CLASS ACTION COMPLAINT

COMES NOW THE PLAINTIFFS, Franklin Parker, Individually, and on Behalf of All Other Similarly Situated, Fair Maiden Seafood, LLC, Individually, and on Behalf of All Other Similarly Situated, and Desporte & Sons Seafood, Inc., Individually and on Behalf of All Other Similarly Situated, Clark Seafood Company, Inc., being all Mississippi resident commercial fisherman or related industries whose occupation and ability to perform their chosen occupation was destroyed and/or adversely and detrimentally affected on or about April 22, 2010, when the

1

semi-submersible drilling vessel Deepwater Horizon owned by Transocean LTD and leased by BP, PLC and/or BP Affiliated Companies exploded, burned, and sank off the coast of Mississippi and Louisiana, said Class and Sub Class being more precisely defined below, and file this Class Action Complaint against Defendants, and state as follows:

## INTRODUCTION

1. This is a class action under Rule 23 of the Federal Rules of Civil Procedure for actual compensatory damages and exemplary and/or punitive damages for the discharge of crude oil into the Gulf of Mexico which has or may cause or contribute to cause injury and damages to the Plaintiffs. It is the purpose of this class action suit to address and resolve on a class basis the injuries and damages suffered by the Plaintiffs as it applies to a class of all plaintiffs in Hancock, Harrison, and Jackson Counties in Mississippi, and a Subclass thereof, whose economic livelihood and property have or will be damaged by the discharge of crude oil caused or contributed to be cause by the explosion, burning, and sinking of the Transocean Deepwater Horizon offshore drilling vessel.

## PARTIES

2. Plaintiff, Franklin Parker, is an adult resident citizen of Harrison County, Mississippi. The Plaintiff's principal residence is located at 259 Kuhn Street, Biloxi, Mississippi. Plaintiff Parker is a commercial fisherman who makes his living from the waters and sound of the Gulf of Mexico and the coastal zone. Plaintiff Parker brings this action individually and on behalf of a Class of all "Commercial Fisherman" in Hancock, Harrison, and Jackson Counties, Mississippi as defined in Paragraph 11(A)(1) and 11(B), "Class Definition" below.

3. Plaintiff, Fair Maiden Seafood, LLC is Mississippi limited liability corporation doing business in Harrison County, Mississippi. Fair Maiden Seafood, LLC maintains its business

address at 259 Kuhn Street, Biloxi, Mississippi. Fair Maiden Seafood, LLC is a commercial fishing company that operates commercial fishing vessel(s) in the waters and sound of the Gulf of Mexico and coastal zone. Plaintiff Fair Maiden, LLC brings this action individually and on behalf of a Class of all "Commercial Fishing Companies" doing business in the waters of the Gulf of Mexico adjacent to Hancock, Harrison, and Jackson Counties, Mississippi as defined in Paragraph 11(A)(2) and 11(B), "Class Definition" below.

4.      Plaintiff Thomas Becker, is an adult resident citizen of Harrison County, Mississippi. The Plaintiff's principal residence is located at 632 Michelle Drive, Biloxi MS.. Plaintiff Becker is a charter boat operator who operates a charter fishing vessel(s) in the waters and sound of the Gulf of Mexico and coastal zone. Plaintiff Becker brings this action individually and on behalf of a Class of all "Charter Boat Operators" doing business in the waters of the Gulf of Mexico adjacent to Hancock, Harrison, and Jackson Counties, Mississippi, as defined in Paragraphs 11(A)(3) and 11(B), "Class Definition" below.

5.      Plaintiff, Desporte & Sons Seafood, Inc. is Mississippi corporation doing business as a seafood seller in Harrison County, Mississippi. Desporte & Sons Seafood, Inc. maintains its business address at 1075 Division Street, Biloxi, Mississippi. Desporte & Sons Seafood, Inc conducts its business by buying and handling seafood obtained from commercial fishermen and/or commercial fishing companies who fish the waters and sound of the Gulf of Mexico and coastal zone. Plaintiff Desporte & Sons Seafood, Inc. brings this action individually and on behalf of a Class of all "Seafood Sellers" selling seafood obtained from the waters and coastal zone of the Gulf of Mexico as defined in Paragraphs 11(A)(4) and 11(B) "Class Definition" below.

6. Plaintiff, Clark Seafood Company, Inc., is Mississippi corporation doing business as a seafood seller in Jackson County, Mississippi. Clark Seafood Company, Inc. maintains its business address at 4401 Clark Street, Pascagoula, Mississippi. Clark Seafood Company, Inc conducts its business by canning, processing, freezing, drying, and/or shipping seafood obtained from commercial fishermen and/or commercial fishing companies who fish the waters and sound of the Gulf of Mexico and coastal zone. Plaintiff Clark Seafood Company, Inc. brings this action individually and on behalf of a Class of all "Seafood Processors" processing seafood obtained from the waters and coastal zone of the Gulf of Mexico as defined in Paragraphs 11(A)(5) and 11(B) "Class Definition" below.

7. Defendant Transocean LTD.(hereafter "Transocean") is a Texas corporation doing business in the United States of America, with its corporate headquarters located at 4 Greenway Plaza, Houston, Texas 77046  Upon information and belief, at all times relevant to this Class Action Complaint, Transocean was authorized to conduct offshore oil drilling operations using the semi-submersible drilling rig Deepwater Horizon in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico. Transocean may be served with process on its agent for service, Eric B. Brown located at 4 Greenway Plaza, Houston, Texas 77046 and/or otherwise in accordance with law.

8. Defendant BP, PLC is an international corporation doing business in the United States of America with its corporate headquarters at 1 St James's Square, London, United Kingdom. Defendant BP, PLC maintains a corporate office in the United States of America at 501 Westlake Park Boulevard, Houston, Texas. Upon information and belief, at all times relevant to this Class Action Complaint, Transocean was authorized to conduct offshore oil drilling operations using

the semi-submersible drilling rig Deepwater Horizon in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico.

9.     Defendant BP Products of North America, Inc. is a BP, PLC affiliated corporation doing business in the United States of America. All allegations and claims asserted herein against Defendant BP, PLC are incorporated by reference against BP Products of North America, Inc. BP Products of North America, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

10.    Defendant BP America, Inc. is a BP, PLC affiliated corporation doing business in the United States of America. All allegations and claims asserted herein against Defendant BP, PLC are incorporated by reference against BP America, Inc. BP America, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

11.    Transocean Offshore Deepwater Drilling, Inc. is a Transocean Ltd. affiliated corporation doing business in the United States of America. Transocean Offshore Deepwater Drilling, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

12.    Transocean Deepwater, Inc. is a Transocean Ltd. affiliated corporation doing business in the United States of America. Transocean Deepwater, Inc. may be served with process in accordance with the Federal Rules of Civil Procedure and law.

13.    Halliburton Energy Services, Inc. is a Delaware corporation doing business in the United States of America and licensed to do business in the State of Mississippi. Halliburton Energy Services, Inc. may be served with process on its agent for service, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 and/or in accordance with the Federal Rules of Civil Procedure and law.

14. Cameron International Corporation f/k/a Cooper Cameron Corporation is a Delaware corporation doing business in the United States of America. Cameron International Corporation may be served with process on its agent for service, CT Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232 and/or in accordance with the Federal Rules of Civil Procedure and law.

15. Defendants John and Jane Does A; B; C; D; E; F; and G are persons or entities whose identities and/or proper corporate names are currently unknown. All allegations and claims asserted herein against Defendants Transocean, LTD and BP, PLC are incorporated by reference against John and Jane Does A through G. If necessary and appropriate, said John Does A through G will be identified by proper name and joined in this action pursuant to the Federal Rules of Civil Procedure when such identities are discovered.

16. Defendants Corporations W; X; Y and Z are corporations or companies whose identities and/or proper corporate names are currently unknown. All allegations and claims asserted herein against Defendants Transocean, LTD and BP, PLC are incorporated by reference against John and Jane Does A through G. If necessary and appropriate, said John Does A through G will be identified by proper name and joined in this action pursuant to the Federal Rules of Civil Procedure when such identities are discovered.

## CLASS DEFINITION

17. The Plaintiffs bring this action on their own behalf and as Class Representatives on behalf of the Classes of others similarly situated in accordance with Rule 23 of the Federal Rules of Civil Procedure. The Classes upon whose behalf this suit is brought are defined as follows:

A. The CLASS

 (1) "Commercial Fishermen" is defined as any person(s) or entity(ies) who catch fish, shrimp, or crabs, and/or harvest oysters for sale in their fresh state, or for canning, packing freezing or drying in the waters and sounds of the Gulf of Mexico and in the coastal zone (as defined in 43 U.S.C. §1331(e) (the "Coastal Zone").

 (2) "Commercial Fishing Companies" is defined as any company(s), corporation(s), limited liability company(ies), and any other business entity(ies) engaged in the business of catching fish, shrimp, or crabs, and/or harvesting oysters for sale in their fresh state, or for canning, packing freezing or drying in the waters of the Gulf of Mexico and in the coastal zone (as defined in 43 U.S.C. §1331(e) (the "Coastal Zone").

 (3) "Charter Boat Operators" is defined as any person(s), entity(ies), company(ies), corporation(s), and/or limited liability company(ies) engaged in the business of charter fishing, shrimping, crabbing and/or harvesting of oysters in the waters of the Gulf of Mexico and in the coastal zone (as defined in 43 U.S.C. §1331(e) (the "Coastal Zone").

 (4) "Seafood Sellers" is defined as any as any person(s), entity(ies), company(ies), corporation(s), and/or limited liability company(ies) engaged in the business of buying and/or handling seafood secured from "Commercial Fishermen" and/or "Commercial Fishing Companies" as defined herein above.

(5) "Seafood Processors" is defined as any as any person(s), entity(ies), company(ies), corporation(s), and/or limited liability company(ies) engaged in the business of canning, processing, freezing, drying, and/or shipping seafood obtained from "Commercial Fishermen" and/or "Commercial Fishing Companies" as defined herein above.

Certification of the Class, as described above is sought in this case for the purpose of the relief sough in Paragraphs 34 through 45, below.

(B) And/or such other Classes or Sub-Classes as the Court deems appropriate.

## JURISDICION & VENUE

18. Jurisdiction is proper in this Court with regard to this class under (1) 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interests and costs; and under 28 U.S.C. §1332(a) because complete diversity exists among the parties and the amount in controversy exceeds seventy five thousand dollars ($75,000.00), exclusive of interests and costs. Venue is proper in this Court under 28 U.S.C. §1391, the general venue statute, including subsections (a) and (c) thereof. Further, jurisdiction and venue is proper in this Court under 33 USC §2717 (b).

## FACTS COMMON TO THE CLASS

19. Transocean, Ltd., Transocean Offshore and Transocean Deepwater (collectively hereafter "Transocean") are the owners and/or operators if the Deepwater Horizon semi-submersible oil drilling rig, which was performing drilling completion operations for BP, BP Products, and BP America (collectively hereafter "BP") in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico on or about April 20, 2010.

20. BP Products, and BP America (collectively hereafter "BP") are the holders of a lease granted by the Minerals Management Service which allows BP to drill for oil and perform oil-production-related operations at the site of the oil spil, and on April 20,2010 operated the oil well that is the source of the oil spill.

21. Upon information and belief, Cameron International manufactured and/or supplied the Deepwater Horizon' blow-out preventers ("BOP's") that failed to operate upon the explosion, which should have prevented the oil spill. Upon information and belief, the "BOP's" were defective because they failed to operate as intended. To this extent, Cameron is liable to the Plaintiffs and the Classes for supplying this defective product in addition to being liable for its negligence, gross negligence, and/or willful, wanton, and reckless conduct.

22. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressures at the well and causing and/or contributing to cause the fire, explosion, and resulting oil spill.

23. On or about April 20, 2010, Transocean was operating the semi-submersible oil drilling rig *Deepwater Horizon* in the in Mississippi Canyon Block 252 (MC252) in the Gulf of Mexico.

24. On or about April 20, 2010, the *Deepwater Horizon* caught fire and exploded. As a result of the fire and explosion, the crew of the Deepwater Horizon abandoned the vessel. Of the 126 member crew, 11 of the crew are unaccounted for, and 17 members of the crew were injured.

25. On or about April 22, 2010, the *Deepwater Horizon* sank.

26. As a result of the fire, explosion, and sinking of the Deepwater Horizon, the oil well drilled by the Deepwater Horizon began to leak crude oil into the Gulf of Mexico at a rate of at least 5,000 barrels (210,000 gallons) per day. As of the time of the filing of the Class Action

Complaint, a massive effort has been launched by the United State Government, and the Defendants to contain the large amount of continuing crude oil discharge. As of the time of the filing of this Class Action Complaint, the oil well continues to discharge crude oil in to the Gulf of Mexico. The resulting discharge has created a 600-mile circumference rainbow sheen with areas of emulsified crude quickly approaching the shorelines of Louisiana and Mississippi. This 600-mile slick has or will cause the natural resources of the Gulf of Mexico fishery to be injured, destroyed, or lost, as well as the injury, destruction, and/or loss of personal and real property.

27. The massive oil slick created by the continuing discharge of crude oil into the Gulf of Mexico have or will cause injuries and damages to the Class to the extent that the seafood industry will be closed and the sustainable natural resource of the fishery will be greatly harmed and/or destroyed. Simply put, the oil slick and continuing discharge of crude oil is an ecological and economic disaster for the Plaintiffs.

28. The injuries and damages suffered by the Plaintiffs and the Classes were cause by Defendants', and each of them, violation of the numerous statutes and regulations, including but not limited to statutes and regulations issued by OSHA and the United States Coast Guard, including requirements to test the sub-sea BOP's at regular interval.

29. There are many other effects from the oil spill that have not yet become known, and Plaintiffs specifically reserve the right to amend this Complaint when additional information becomes available.

## CLASS ALLEGATIONS

30. Plaintiffs bring this Class Action pursuant to Federal Rules of Civil Procedure 23(a) on their own behalf and on behalf of the Class described below:

  (1)  Plaintiffs are members of the Classed they seek to represent;

  (2)  The Classes consist of at least hundreds of individuals and are therefore so numerous that joinder of all members is impracticable;

  (3)  The questions of law or fact are common to the Classes.

  (4)  The claims of the Plaintiffs are typical of the Classes because they are all members of the Classes. Plaintiffs and all members of the Classes have or will sustain damages as a result of the negligence, gross negligence, misconduct, and strict liability of the Defendants.

  (5)  The Plaintiffs will fairly and adequately protect the interests of the Classes.

31. Plaintiffs further bring this Class Action pursuant to Federal Rules of Civil Procedure Rule 23(b)(1) and 23(b)(3) because prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the Defendants; adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interest of the other member not parties to the individual adjudications and would substantially impair their ability to protect their interests; and the questions of law or fact common to the Members of the Classes predominate over any questions affecting only individual Members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Plaintiffs have retained competent and experienced counsel in matters such as these. Counsel is committed to vigorous prosecution of this action.

33. The expense and burden of litigation would substantially impair the ability of many members of the Class to pursue individual cases to protect their rights.

## CAUSES OF ACTION

## NEGLIGENCE, GROSS NEGLIGENCE, WILLFULLY, WANTON AND CARELESS DISREGARD FOR THE PLAINTIFFS

34. Plaintiffs reassert and re-allege the allegations of paragraphs 1 through 21 above as if set forth herein in full words and figures.

35. The Defendants, and each of them, were negligent, grossly negligent, and/or acted with willful, wanton, and careless disregard for the rights of the Plaintiffs and the Class with regard to the operation of the Deepwater Horizon on or about April 20, 2010, and continuing to present.

36. Defendants, and each of them, are liable to the Plaintiffs for:

   a. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for the rights of the Plaintiffs and Classes for its failure to adequately and thoroughly operate the offshore drilling rig Deepwater Horizon allowing for the discharge of crude oil into the waters of the Gulf of Mexico;

   b. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for the rights of the Plaintiffs and Classes for its failure to provide adequate safeguard(s), including but not limited to the installation of a remote control acoustic switch, to prevent the discharge of crude oil in to the waters of the Gulf of Mexico;

   c. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for the rights of the Plaintiffs and Classes for its failure to comply with Federal and/or State Law;

   d. Negligence *per se* for acting in contravention of established Federal and/or State Law;

e. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for its failure to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

f. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for its failure to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented and enforced, would have averted the fire, explosion, sinking and oil spill;

g. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for operating the Deepwater Horizon with untrained and unlicensed personnel;

h. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for inadequate and negligent training and hiring of personnel;

i. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

j. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for employing untrained or poorly trained employees and failing to properly train their employees;

k. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

l. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to timely warn;

m. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to timely bring the oil release under control;

n. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to provide appropriate accident prevent equipment;

o. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to observe and read gauges that would have indicated excessive pressures in the well;

p. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for failure to react to danger signs;

q. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for providing BOP's that did not work properly;

r. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for conducting well and well cap cementing operations improperly;

s. Negligently, grossly negligent, and/or willful, wanton, and careless disregard for acting in a manner that justifies imposition of punitive damages; and

t. Such other acts of negligence and omissions as will be shown at the trial of this matter; all of which acts are in violation of the Federal law and/or State Laws applicable on the outer Continental Shelf.

37.  As a direct and proximate result of the acts or omissions set forth in the preceding paragraphs, the Plaintiffs and the Class have suffered or will suffer injuries and damages caused and/or contributed to be caused as a result of the negligence, gross negligence, and careless disregard for the rights of the Plaintiffs and the Class.

## STRICT LIABILITY

38.     Plaintiffs reassert and re-allege the allegations of paragraphs 1 through 21 above as if set forth herein in full words and figures.

39.     The Defendants, and each of them, are the responsible parties for the discharge of crude oil from the facility of the Deepwater Horizon; and for the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines pursuant to the provision of the Oil Pollution Act of 1990, 33 USC § 2701 et seq.

40.     As a direct and proximate result of the acts or omissions set forth in the preceding paragraphs, the Plaintiffs and Classes have suffered or will suffer damages for injury to, or economic losses resulting from destruction of, real or personal property; damages for loss of subsistence use of the natural fishery resources, which have been injured, destroyed, or lost; and damages for the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural fishery resources.

## DAMAGES

41.     Plaintiffs incorporate all preceding paragraphs as set forth herein in full words and figures.

42.     The acts and/or omissions of the Defendants as set forth in the preceding paragraphs constitutes negligence and/or gross negligence, negligence *per se*, willful, wanton, and careless disregard for the right of the Plaintiffs and Classes, and other causes of action set forth therein, rendering the Defendants, and each of them, liable to Plaintiffs and Classes for actual, compensatory and punitive damages.

43.     As a direct and proximate result of the conduct, actions, inactions, and behavior of the Defendants, and each of them, as more fully set forth in the preceding paragraphs, Plaintiffs and Classes have suffered or will suffer and are entitled to receive from these Defendants significant damages, including but not limited to damages to real and/or personal property; economic losses resulting from destruction of, real or personal property; damages for the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural fishery resources; compensatory damages; actual damages; costs and expenses; and other incidental damages, all to the general damages of Plaintiffs and Classes, said damages being in an amount to be determined at a trial of this cause.  Plaintiffs and Classes also seek pre-judgment and post-judgment interest in an amount not less than 10% per year, and/or an amount provided by law.

44.     Moreover, Defendants, and each of them, willfully, wantonly, and/or with careless disregarding for the Plaintiffs and the Classes treated Plaintiffs and Classes with such gross and reckless negligence, or in such a reckless disregard for its rights as is equivalent to such a wrong, thereby entitling Plaintiffs and Classes to punitive damages in a sum to be determined at a trial of this cause, but which is sufficient to punish Defendants, and each of them, and to deter these Defendants, and each of them, and others similarly situated from engaging in similar conduct in the future.

45.     In addition to asserting that Defendants are liable for part or all of the claims asserted by the Plaintiffs and Classes in the underlying litigation, Plaintiffs and Classes are asserting claims for actual, compensatory and punitive damages against Defendants, and each of them.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Individually, and on Behalf of All Other Similarly Situated asks this Court to enter a order certifying the Classes for the purpose of moving forward with any one or all of the causes of action alleged herein; enter an Order appointing Plaintiffs as Class Representatives and appointing undersigned counsel as counsel for the Classes; and enter Judgment finding that the Defendants, and each of them, liable to the Plaintiffs and Classes jointly and severally, for actual, compensatory and punitive damages, including but not limited to attorneys' fees and other incidental costs and expenses, in an amount to be determined at a trial of this cause, together with prejudgment and post judgment interest as provided by law in an amount not less than 10% per year, attorneys' fees and cost of this action, and any and all additional relief in favor of Plaintiffs and Classes deemed appropriate by this Honorable Court.

Respectfully submitted this the 30th day of April, 2010.

**FRANKLIN PARKER, Individually and on behalf of all others similarly situated;**
**FAIR MAIDEN SEAFOOD, LLC, Individually and on behalf of all others similarly situated;**
**THOMAS BECKER, Individually and on behalf of all others similarly situated;**
**DESPORTE & SONS INC., Individually and on behalf of all others similarly situated; AND**
**CLARK SEAFOOD COMPANY, INC., Individually and on behalf of all others similarly situated**

By: _____
Clyde H. Gunn, III (MSB # 5074)
Christopher C. Van Cleave, (MSB #10796)
W. Corban Gunn, (MSB #101752)
David N. Harris, Jr. (#100790)
CORBAN, GUNN & VAN CLEAVE, PLLC
Post Office Drawer 1916
Biloxi, Mississippi 39533
Telephone: (228) 432-7826
Facsimile: (228) 456-0998

AND

Danny Earl Cupit
Law offices of Danny E Cupit
PO Box 22929
Jackson, Mississippi 39225-2929
Telephone:    601-355-2099
Facsimile:    601-355-2175

AND

Crymes G. Pittman
Pittman Germany Roberts & Welsh
410 S President St
PO Box 22985
Jackson, Mississippi 39225-2985
Telephone:    601-948-6200
Facsimile:    601-948-6187

AND

Joe Sam Owen
Ben F. Galloway
Robert P. Myers, Jr.
Owen, Galloway & Myers
1414 25th Avenue
PO Drawer 420
Gulfport, Mississippi 39502-0420
Telephone:    228-868-2821
Facsimile:    228-864-6421

AND

Judy M. Guice
PO Box 1919
Biloxi, Mississippi 39533-1919
Telephone:    228-374-9787
Facsimile:    228-374-9436

AND

Leslie Dean Holleman
Timothy Charles Holleman
Boyce Holleman & Associates
1720 23rd Ave
Gulfport, Mississippi
Telephone:    228- 863-3142
Facsimile:    288-863-9829

AND

Wynn E. Clark
2510 16th Street
Gulfport, MS 39501- 2801
Telephone:    228-575-9996
Facsimile:    228-575-9030

AND

John Gaylan Clark
PO Drawer 1268
Pascagoula, Mississippi 39568-1268
Telephone:    228-762-7877
Facsimile:    228-762-5414

AND

Alben N Hopkins
Mariano Javier Barvie
Norris Hopkins
PO Box 1510
Gulfport, Mississippi 39502-1510
Telephone:    228-864-2200
Facsimile:    228-868-9358

AND

Earl L. Denham
Denham Law Firm
PO Drawer 580
Ocean Springs, MS 39564-0580
Telephone:    228-875-1234
Facsimile:    228-875-4553